IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02350-RPM

DONNA DAVENPORT,

                        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                        Defendant.

_____

ORDER AFFIRMING DECISION
_____

On September 28, 2004, following a hearing, an Administrative Law Judge ("ALJ") determined that Donna R. Davenport was not entitled to Disabled Widow's Insurance Benefits as the surviving divorced spouse of the insured, Walter Davenport, because she was not married to him for at least 10 consecutive years immediately before their divorce. 42 U.S.C. §§ 402(e)(1) and 416(d)(2). Record, pp. 11-15. The Appeals Council determined there was no basis for changing the ALJ's decision, and this complaint for judicial review followed. The court has jurisdiction pursuant to 42 U.S.C. § 405(g).

Donna Davenport was married to Walter Davenport on two separate occasions, from December 22, 1956, to December 12, 1966, for nine years and 356 days, and from September 7, 1974, to February 2, 1981, for a period of six years and 148 days. Record, pp. 12-13, 53, 167-68. The Social Security Act provides that a surviving

divorced wife of an individual who dies fully insured shall be entitled to widow's insurance benefits. 42 U.S.C. § 402(b)(1). A "surviving divorced wife" means a woman divorced from an individual who has died, but only if she had been married to the individual for a period of 10 years immediately before the date the divorce became effective." 42 U.S.C. § 416(d)(2). The ALJ found that since plaintiff "was not married to the insured for at least 10 years prior to divorce in either instance," she did not qualify for widow's insurance benefits as a surviving divorced spouse. The ALJ determined that the 10 year requirement was not arbitrary and capricious and rejected plaintiff's equal protection challenge.

The plaintiff asserts that to require a ten year single marriage is an inequitable result as applied to a divorcee who was married to the same man for a total of more than sixteen years.

The plaintiff argues that as interpreted by the ALJ, the statute is unconstitutional because there is no rational basis for not allowing the combined period of these two marriages.

Citing *Weinberger v. Salfi,* 422 U.S. 749, 768-70 (1975), the ALJ recognized that in the area of social welfare Congress may establish durational relationship criteria that avoid individualized determinations as long as they are free from invidious discrimination. Like the duration-of-relationship requirement upheld in *Weinberger,* the ALJ correctly concluded that limiting the 10 year marriage requirement to the 10 years immediately preceding the second divorce was a rational choice made by Congress.

Claimant's suggestion that the ALJ or this court should use its discretion to

consider the total length of time she was married to the insured must be rejected. Specifically, plaintiff argues that she "is precisely the type of person the statute was intended to protect" since she devoted much of her life to her marriage to the insured and had not contributed to her own Social Security benefits. The language of the statute is clear. The clear rule obviates the need for individualized determinations and "protects large numbers of claimants who satisfy the rule from uncertainties and delays of administrative inquiry into the circumstances of their marriages." *Weinberger* at 782. Other courts have strictly construed the requirement in the face of what otherwise might seem to be legitimate claims. *See, Albertson v. Apfel,* 247 F.3d 448 (2d Cir.) (three days short of the requirement). Plaintiff asks the court to use its discretion and consider factors that would make the administration of the program less objective and more unwieldy. As the Court stated in *Weinberger*:

> The administrative difficulties of individual eligibility determinations are without doubt matters which Congress may consider when determining whether to rely on rules which sweep more broadly than the evils with which they seek to deal. In this sense, the duration-of-relationship requirement represents not merely a policy determination that benefits would be awarded only on the basis of genuine marital relationships, but also a substantive policy determination that limited resources would not be well spent in making individual determinations. It is an expression of Congress' policy choice that the Social Security system, and its millions of beneficiaries, would be best served by a prophylactic rule which bars claims arising from the bulk of sham marriages which are actually entered, which discourages such marriages from ever taking place, and which is also objective and easily administered.

*Id.* at 784-85. Although Donna Davenport was married to the insured for more than 10 years, she had not been married to him "for a period of 10 years immediately before the

date the divorce became effective."

After review of the record, the ALJ's decision that plaintiff was not entitled to widow's benefits as a surviving divorced wife because she did not meet the duration requirements of the statute is a correct application of the plain language of a valid statute.

Upon the foregoing, it is

ORDERED that the Commissioner's decision is affirmed and this civil action is dismissed.

DATED: March 11th, 2008

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge